UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RONALETTE D. WALKER                                                                    PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:13cv269-DPJ-FKB

L-3 COMMUNICATIONS/VERTEX                                                          DEFENDANTS
AEROSPACE, et al.

ORDER

This *pro se* discrimination case is before the Court on Defendants' Motion to Dismiss [10]. Because Plaintiff's Title VII and ADEA claims are untimely, Plaintiff has failed to demonstrate personal jurisdiction over the individual defendants, and Plaintiff's remaining claims are otherwise insufficiently pleaded, the motion is granted.

I.      Facts and Procedural History

Plaintiff Ronalette D. Walker was employed by Defendant L-3 Communications/Vertex Aerospace ("L-3") until his termination on July 23, 2010. Walker worked for L-3, a defense contractor with an office in Madison, Mississippi, as a supply technician in Afghanistan.[1] On April 5, 2010, Walker submitted a Leave of Absence Form which indicated he would be taking personal leave from June 13, 2010, through June 29, 2010, for a "16 day vacation." Compl. [1] Ex. D. Walker alleges that, before he left Afghanistan for his leave, he scheduled a doctor's appointment to take place during his leave. "During the appointment with the doctor it was recommended that Plaintiff be further examined before Plaintiff could be authorized to return to

---

[1] L-3 appears to be a company with locations throughout the world. The Complaint asserts that L-3's "main offices are located at" its Madison, Mississippi, address. Compl. [1] at 2. From this, the Court assumes that Defendants' characterization that Walker "was employed out of and by the Mississippi office" of L-3 is accurate. Defs.' Mem. [11] at 6. Regardless, this assumption does not impact the Court's analysis of the motion.

work." Compl. [1] at 3. Walker emailed his supervisor about the need to extend his leave for medical reasons, and an L-3 HR Representative responded that Walker's "extension is approved." Compl. [1] Ex. C. Walker eventually "returned to work in Bagram Afghanistan where [he] learned he was being fired by L-3 for failing to follow company guideline[s] in requesting an extension of leave for medical reasons." Compl. [1] at 3–4.

On January 20, 2011, Walker submitted an Employment Initial Inquiry Questionnaire to the South Carolina Human Affairs Commission. Walker alleged that he was terminated by L-3 on July 23, 2010, on the basis of his race (African-American) and age (46) and in retaliation for complaining about his treatment to the site supervisor. Walker's complaint ultimately ended up before the Jackson, Mississippi, Area Office of the EEOC, which issued a no-cause right-to-sue letter on February 5, 2013. Walker filed his Complaint in this matter on May 7, 2013, alleging Title VII, ADEA, and FMLA claims, along with a state-law defamation claim, against L-3; Michael T. Strianese, its CEO and President; Rob Torrez, Walker's immediate supervisor at L-3; and Ves Pampe, Torrez's supervisor. Defendants filed their motion to dismiss on July 8, 2013, raising defenses under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Walker filed a one and one-half page response containing no citations to authority, Defendants filed a rebuttal, and the Court is prepared to rule.

II.     Standard

Although they raise the defenses of subject-matter and personal jurisdiction, Defendants primarily move to dismiss for failure to state a claim under Rule 12(b)(6). Because he is

proceeding *pro se*, the Court considers the allegations of Walker's complaint liberally.[2]  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Supreme Court's examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint.  First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679.  Second, "[w]hen there are well-pleaded factual allegations, a court should

---

[2]Where, as here, there are documents "either attached to or incorporated in the complaint," the Court may consider those documents in ruling on a motion under Rule 12(b)(6). *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

III.     Analysis

    A.     Title VII and ADEA Claims

Defendants assert that Walker's Title VII and ADEA claims are unexhausted and untimely. Generally, "[a] plaintiff may bring a claim for discrimination under Title VII [or the ADEA] only if [he] has filed a claim with the EEOC within 180 days of the unlawful act." *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 550 (5th Cir. 2009); *see* 42 U.S.C. § 2000e-5(e) (Title VII); 29 U.S.C. § 626(d) (ADEA). The limitations period is lengthened to 300 days "[i]n the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment . . . and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice." 29 U.S.C. § 633(b); *accord* 42 U.S.C. § 2000e-5(c); *see* 42 U.S.C. § 2000e-5(e) (extending period to 300 days for Title VII cases in which claimant filed with state agency); 29 U.S.C. § 626(d) (same for ADEA cases). If a plaintiff fails to file a timely charge with the EEOC, dismissal under Rule 12(b)(6) is appropriate. *See Bowers v. Potter*, 113 F. App'x 610, 613 (5th Cir. 2004); *Bradshaw v. City of Gulfport, Miss.*, No. 1:09cv743-HSO-JMR, 2010 WL 4192879, at *3 (S.D. Miss. Oct. 12, 2010).

Assuming that Walker's Employment Initial Inquiry Questionnaire filed with the South Carolina Human Affairs Commission qualifies as a charge under the relevant statute, there is no dispute that it was filed 181 days after Walker's July 23, 2010 termination.[3] As such, Walker's

---

    [3]The questionnaire expressly states that "COMPLETION AND SUBMISSION OF THIS QUESTIONNAIRE DOES NOT IMPLY OR CONSTITUTE THE FILING OF A CHARGE." Compl. [1] Ex. B. But Defendants assume for purposes of the motion that what Walker filed

"charge" is untimely unless he is entitled to the longer, 300-day period afforded in so-called deferral states. "A deferral state is one in which (1) a state law prohibiting . . . discrimination in employment is in effect and (2) a state authority has been set up to grant or seek relief from such discriminatory practice." *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 n.1 (5th Cir. 1988) (citations omitted).

South Carolina is a deferral state, so at first blush, Walker's filing, construed as an EEOC charge, appears timely. But this overlooks the statutory requirement linking the authority of a given state agency to discrimination "occurring in [that] State." 29 U.S.C. § 633(b); 42 U.S.C. § 2000e-5(c); *see Adams v. Cal-Ark Int'l, Inc.*, 159 F. Supp. 2d 402, 408 (E.D. Tex. 2001) ("[F]iling in Texas does not relieve Plaintiff of the 180 [day] filing requirement and allow her to take advantage of the 300 day limitations period for any unlawful employment actions *that occurred in Arkansas*." (emphasis added)); *accord Elliot v. Firearms Training Sys., Inc.*, SA-04-CA-0490-RF, 2004 WL 2567619 (W.D. Tex. Oct. 21, 2004).

In this case, there is no suggestion that any employment discrimination occurred in South Carolina. While Walker lives in South Carolina, he alleges that he was employed out of L-3's Mississippi office. Further, the discriminatory act of which he complains—his termination—took place in Afghanistan. Absent some factual allegation that any unlawful employment act took place in South Carolina, Walker is not entitled to the extra time afforded plaintiffs with claims arising in deferral states. His "charge," filed one day late, makes his Title VII and ADEA claims untimely and subject to dismissal with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) ("Although a court may dismiss the claim, it should

---

constitutes a charge under the regulatory scheme. *See* Defs.' Mem. [11] at 3 n.3.

not do so without granting leave to amend, *unless the defect is simply incurable* or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." (emphasis added)).

      B.      FMLA Claim

The Complaint makes vague reference to the FMLA, asserting that L-3 "disregarded the 'Family Medical Leave Act' . . . on or about July 23, 2010." Compl. [1] at 2; *see also id.* at 3 (explaining that among the "discriminatory acts that are the basis for this suit" is a "[v]iolation of 'Family Medical Leave Act'"). Defendants correctly point out that Walker does not plead *any* facts that "allow[] the court to draw the reasonable inference that [Defendants are] liable" on an FMLA interference or retaliation claim. *Iqbal*, 556 U.S. at 678; *see Bell v. Dallas Cnty.*, 432 F. Ap'x 330 (5th Cir. 2011) (discussing two species of FMLA claims). For starters, Walker does not allege that he suffered from a "serious health condition" so as to come within the FMLA's protection. *Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 579 (5th Cir. 2006) (citing 29 U.S.C. § 2612(a)(1)(D)). Nor has Walker alleged any other facts that, if proven, would establish an FMLA violation. The FMLA claim is therefore dismissed without prejudice as insufficiently pleaded.

      C.      Defamation Claim

Walker finally asserts a defamation claim, alleging generally that "[e]mployees of L-3 have defamed Plaintiff's character through negative and false statements regarding the Plaintiff in reference responses to companies where Plaintiff has applied for employment since being terminated by L-3." Compl. [1] at 5. No specific defamatory statement is mentioned, and the alleged defamation is not attributed to any specific speaker.

To establish a defamation claim under Mississippi law, Walker must prove the following elements: "(1) a false and defamatory statement was made concerning the plaintiff; (2) there was an unprivileged publication to a third party; (3) the publisher was negligent in publishing the defamatory statement; [and] (4) the plaintiff suffered damages resulting from publication of the defamatory statement." *Hayne v. The Innocence Project*, No. 3:09cv218-KS-LRA, 2011 WL 198128, at *4 (S.D. Miss. Jan. 20, 2011) (citation omitted). Walker's allegations fall well short of "rais[ing] a right to relief above the speculative level" that any defendant made a false and defamatory statement regarding Walker. *Twombly*, 550 U.S. at 555; *see Mitchell v. Random House, Inc.*, 703 F. Supp. 1250 (S.D. Miss. 1988) ("[T]o state a claim for defamation, it is necessary that the defamation be 'clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture.'" (citing *Ferguson v. Wakins*, 448 So. 2d 271, 275 (Miss. 1984)). The defamation claim is dismissed without prejudice as insufficiently pleaded.

        D.        Claims Against the Individual Defendants

The individual defendants—none of whom are residents of Mississippi—assert that the claims against them must be dismissed for lack of personal jurisdiction. "When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the nonresident." *Irvin v. So. Snow Mfg., Inc.*, No. 5:10cv196-DCB-JMR, 2011 WL 4833047, at *1 (S.D. Miss. Oct. 12, 2011) (citing *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997)). Walker provides no real response to the personal-jurisdiction motion, asserting only that L-3's legal department in Mississippi told him "to mail the correspondence to their address Attn: legal department with each individual

7

(Michael Strianese, Rob Torrez, Ves Pampe) name on it." Resp. to Joseph Mott Decl. [13-1]. Walker fails to meet his burden to establish that the Court has personal jurisdiction over the nonresident defendants, and the FMLA and defamation claims against them are dismissed without prejudice for this additional reason.

IV.     Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion to Dismiss [10] is granted. Plaintiff's Title VII and ADEA claims are dismissed with prejudice as untimely. Plaintiff's remaining claims against the individual defendants are dismissed without prejudice for lack of personal jurisdiction. Plaintiff's FMLA and defamation claims are dismissed without prejudice as insufficiently pleaded. A separate judgment will be entered in accordance with Federal Rules of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 16th day of October, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE